Argued and submitted January 8, affirmed November 23, 1988

In the Matter of the Compensation of
Thomas R. Lucas, Claimant.
## STATE ACCIDENT INSURANCE FUND CORPORATION et al,
*Petitioners,*

*v.*

## LUCAS,
*Respondent.*

(WCB 85-04275; CA A44281)

764 P2d 235

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James O. Marsh, Portland, argued the cause for respondent. With him on the brief was Carney, Buckley, Kasameyer & Hayes, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Insurer seeks review of the Workers' Compensation Board's order that determined that claimant sustained a compensable worsening of a preexisting personality disorder.

Our review is *de novo*. Except for a 21-month period, claimant worked for the Josephine County Sheriff's Department from February, 1974, until March 15, 1985. He had a good work record until August, 1984, when his supervisor disciplined him for an incident involving a struggle with a suspect. In the succeeding months, his superiors subjected him to a series of disciplinary actions that culminated in his discharge on March 15, 1985. Insurer denied the stress claim that claimant filed.

The referee found that claimant had good performance evaluations every six months through June, 1984. The parties stipulated, and the referee found, that the disciplinary actions involving claimant were real events that occurred during the course and scope of his employment and were capable of causing stress. The referee also found that the employment conditions, when compared to "the off the job and non-course and scope factors," were "the major contributing cause" of claimant's symptoms. Based on the medical testimony, however, the referee concluded that claimant was suffering from a noncompensable preexisting personality disorder and that the claim was not compensable.

On review, the Board reversed the referee. It stated that

> "the symptoms of a preexisting personality disorder and the disorder itself are one and the same; if the symptoms worsen, the underlying condition has worsened. Our decision was dictated by the Court of Appeals' holding to that effect in *Adsitt v. Clairmont Water District,* 79 Or App 1, 6, 717 P2d 1231, *rev den* 301 Or 338, 301 Or 666 (1986). We reaffirm that rule in this case. Claimant, therefore, sustained a compensable worsening of his preexisting personality disorder and [insurer's] denial must be set aside."

We affirm, but on other grounds.

We have reviewed the extensive medical evidence. We find that claimant was suffering from an occupational

stress disorder, and not from a preexisting personality disorder. We also find that stressful conditions objectively existed on the job and that the employment conditions, when compared to non-employment conditions, were the "major contributing cause" of claimant's disease. *See McGarrah v. SAIF,* 296 Or 145, 166, 675 P2d 159 (1983). Claimant suffered from an occupational disease which is compensable. *Former* ORS 656.802[1].

Affirmed.

---

[1] *Former* ORS 656.802(1)(a) provided that an occupational disease is:

"Any disease or infection which arises out of and in the scope of the employment, and to which the employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein."

Oregon Laws 1987, chapter 713, section 4, amending *former* ORS 656.802, does not apply.